## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

### ROCK ISLAND DIVISION

### CASE NO. 4:18-cv-4170

ROY BENSON,

       Plaintiff,

vs.

AIR-LAND TRANSPORT SERVICE, INC.,

       Defendant.

_____/

### **COMPLAINT**
*[Jury Trial Demanded]*

Plaintiff, ROY BENSON, for his Complaint against Defendant, AIR-LAND TRANSPORT SERVICE INC., states and alleges the following:

#### SUMMARY

1. AIR-LAND TRANSPORT SERVICE INC., (hereinafter "Defendant" or "AIR-LAND") required and/or permitted ROY BENSON (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate Plaintiff his proper overtime compensation for all hours worked.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work.  See, 29 U.S.C. § 207(a).

3. Plaintiff is a FLSA non-exempt worker(s) who has been denied overtime pay required by law, for which he now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

5. Venue is proper in this judicial district because Defendant engages in business here and a substantial part of the events giving rise to Plaintiff's claims occurred here.

## THE PARTIES

6. Defendant AIR-LAND is a domestic corporation with its principle place of business in Morton, Illinois.

7. Plaintiff ROY BENSON is a resident of Cordova, Illinois.

## COVERAGE

8. Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

10. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

11. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

12. In furtherance of Defendant's business, Defendant's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

13. At all times material hereto, in furtherance of Defendant's operations, Plaintiff individually engaged in interstate commerce by regularly and routinely utilizing instrumentalities

of interstate commerce, including, but not limited to, phones and equipment that were manufactured in other states, thus affording Plaintiff the protections of the FLSA.

## FACTUAL ALLEGATIONS

14. Defendant engaged in the business of providing logistical solutions to customers, including custom transport solutions.

15. Plaintiff began working for Defendant on or about May 1, 2012 as an hourly yard spotter in charge of moving 18-wheeler containers, but did not leave the premises of the loading dock in the 18-wheelers, and continues employment with Defendant.

16. Plaintiff approximates that he worked, on average, over 55 hours per week for Defendant.

17. Defendant hired Plaintiff at a rate of $19.00 per hour; however, Defendant only compensates Plaintiff his regular hourly rate for all hours worked, regardless of the fact that Plaintiff routinely works in excess of 40 hours per week for Defendant.

## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (OVERTIME)

18. Plaintiff incorporates all allegations contained in the preceding paragraphs.

19. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

20. Defendant's failure to pay any overtime compensation to Plaintiff violates the FLSA.

21. Plaintiff is not exempt from the right to receive the appropriate overtime pay under the FLSA.

22. As a result of Defendant's failure to compensate its employees,

including Plaintiff(s), Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 207(a)(1).

23. Accordingly, Plaintiff is entitled to complete compensation for hours worked.

24. Additionally, Plaintiff is entitled to an amount equal to unpaid overtime wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

25. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

26. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

27. Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

### PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

a. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one-half times his regular rate;

b. an equal amount as liquidated damages as allowed under the FLSA;

c. damages accrued up to three years;

d. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

e. pre-judgment and post judgment interest at the highest rates allowed by law; and

f. such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: */s/ James M. Loren, Esq.*
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
1776 N. Pine Island Road, Suite 224
Plantation, FL 33322
Main Phone:   800-719-1617
Facsimile:     (954) 585-4886
jloren@goldbergloren.com
*Attorneys for Plaintiffs*